** Attorney General Edmondson has asked me to respond to your letter requesting an opinion addressing, in effect, the following questions:
 1. Is the Attorney General responsible for furnishing opinions or copies of opinions to individual citizens of Oklahoma?
 2. Is the Oklahoma Department of Transportation (herein, "ODOT") authorized to enter upon private property during the course of a state highway construction project?
Because these questions can be answered by reference to the Oklahoma Statutes, this office has decided to answer your request through this informal letter. Therefore, the discussion that follows is not an official opinion of the Attorney General but rather my conclusions reached after careful research and analysis of the questions raised.
Your first question requires a brief review of the Attorney General's duties as deed by law. Among several enumerated statutory duties, the Attorney General is required to furnish his opinion in writing on all questions of law submitted to him by any state officer, district attorney, board, commission, or department on makers in which they are officially interested. 74 O.S. 18b(A)(5) (1994). The Attorney General is also required to furnish his opinion to members of the Legislature on questions of law regardless of the subject matter. 74 O.S. 18b(A)(17) (1994).
According to these provisions, the Attorney General does not have the statutory authority to answer a request for a legal opinion from an individual citizen. However, the Attorney General will, upon request, provide copies of informal and formal opinions already issued to individual citizens at a reasonable charge pursuant to the Oklahoma Open Records Act, 51 O.S. 24A.1 — 51 O.S. 24A.20.
Your second question depends upon an analysis of the Oklahoma Highway Code, 69 O.S. 101 — 1910, particularly the following section:
 "No contract for construction, reconstruction, maintenance, or any other type of highway construction shall be advertised for bids or awarded by the Commission unless all rights-of-way necessary for such construction shall have first been secured by the state or local units of government." 69 O.S. 1204 (1991). Under this section, ODOT or the agents it contracts with to engage in highway construction projects cannot enter on private property until they have acquired the necessary right-of-way for a highway project or a temporary easement, if necessary, for their construction equipment. Whether ODOT must acquire the right of way necessary for a highway project from a particular property owner or acquire a temporary easement for a highway project from a particular property owner is a question of fact that cannot be answered in this opinion.
It is, therefore, the opinion of the undersigned attorney that the Attorney General is not statutorily authorized to answer a request for a legal opinion from an individual citizen. It is also the opinion of the undersigned that ODOT or the agents it contracts with cannot enter on private property until they have acquired the necessary right-of-way for a highway project or a temporary easement, if necessary, for their construction equipment.
(Brett Robinson)